UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN C.,[1]<br>      Plaintiff<br>v.<br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br>      Defendant. | Case No. 8:20-cv-01844-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.  PROCEDURAL HISTORY

Plaintiff Lynn C. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12 and 14] and briefs [Dkt. 22 ("Pl. Br.") and Dkt. 28 ("Def. Br.")] addressing disputed issues in the case. Plaintiff did not file a reply. The matter is now ready for decision. For the reasons discussed below, the Court finds that this

---

[1] In the interest of privacy, this Order uses only Plaintiff's first name and initial of her last name.

matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In August 2016, Plaintiff filed applications for DIB and SSI alleging disability beginning June 30, 2009.[2] [Dkt. 19, Administrative Record ("AR") 480, 848-63.] Plaintiff's applications were denied at the initial level of review and on reconsideration. [AR 480, 746-50, 754-58, 761-65.] A hearing was held before Administrative Law Judge Susanne M. Cichanowicz ("the ALJ") on December 18, 2018. [AR 480, 622-51.]

On March 18, 2019, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 480-91]; *see* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since the alleged onset date. [AR 483.] At step two, the ALJ determined that Plaintiff has the following severe impairments: hypertension, thyroid disorder, and chronic obstructive pulmonary disease. [AR 483.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 487]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work,

---

[2] Plaintiff filed earlier applications for DIB and SSI in 2012, alleging disability since June 30, 2009. [AR 480, 656.] The previous applications were denied by an ALJ on April 10, 2014. [AR 480-81, 656-64.] There is no indication in the record that Plaintiff appealed the unfavorable decision. Because this case involved a prior ALJ decision finding Plaintiff not disabled, the ALJ applied Acquiescence Ruling 97-4(9), 1997 WL 742758 at *3. *See Chavez v. Bowen*, 844 F.2d 691, 692 (9th Cir. 1988). The ALJ determined that Plaintiff rebutted the presumption of continuing non-disability by submitting evidence that Plaintiff was diagnosed with chronic obstructive pulmonary disease. [AR 481.]

1  as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), and is able to lift/carry and
2  push/pull 50 pounds occasionally and 25 pounds frequently, stand/walk 6 hours in
3  an 8-hour workday, sit 6 hours in an 8-hour workday, frequently climb ramps/stairs,
4  ladders, ropes, and scaffolds, frequently balance, stoop, kneel, crouch, and crawl,
5  and occasionally have exposure to pulmonary irritants such as fumes, odors, dusts,
6  and gases. [AR 487.] At step four, the ALJ determined that Plaintiff is capable of
7  performing past relevant work as a licensed vocational nurse. [AR 491.] Based on
8  these findings, the ALJ found Plaintiff not disabled from June 30, 2009, through the
9  date of the decision. [AR 491.]

The Appeals Council denied review of the ALJ's decision on July 31, 2020. [AR 1-7.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. The ALJ failed to properly consider the impact of Plaintiff's medically determinable impairments of anxiety and depression on the ability to perform her past work as a licensed vocational nurse. [Pl. Br. at 4-8.]
2. The ALJ failed to properly consider the opinions of the examining and reviewing physicians in determining Plaintiff does not suffer from a severe mental impairment. [Pl. Br. at 9-17.]

The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 1-10.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r*

*Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

Plaintiff contends the ALJ improperly rejecting the opinion of her examining psychiatrist, Dr. Ernest A. Bagner III, and in turn, erred at step two by finding that she has no severe mental impairment. [Pl. Br. 9-17.] The Court agrees with Plaintiff for the reasons discussed below.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *See Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[3] In general, opinions of treating sources are entitled to the

---

[3] The regulations governing the evaluation of medical evidence were amended for claims filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c. The

4

greatest weight, opinions of examining, non-treating sources are entitled to lesser weight, and opinions of non-examining, non-treating sources are entitled to the least weight. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31. An ALJ can satisfy this standard by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his [or her] interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (internal quotation marks and citation omitted).

In January 2017, after performing a complete psychiatric evaluation of Plaintiff, Dr. Bagner diagnosed Plaintiff with major depressive disorder with anxiety and assessed "moderate" limitations in the ability to follow detailed instructions, interact appropriately with the public, co-workers, and supervisors, and respond to work pressure in a usual work setting. [AR 484-85, 1108-12.]

The ALJ's stated reasons for rejecting Dr. Bagner's opinion are not supported by substantial evidence. First, the ALJ asserted that Dr. Bagner's opinion was entitled to "little weight" because Plaintiff's "consultative examination was generally unremarkable except for poor eye contact and problems with memory in recalling objects after 5 minutes" and "[t]here were no other significant psychological symptoms." [AR 485.] However, Dr. Bagner reported other significant symptoms that were not mentioned by the ALJ. Plaintiff's mental status exam showed she was tearful and tense, her speech was slow and emotional, and her

---

new regulations change how the Social Security Administration considers medical opinions and eliminate the deference to treating source medical opinions. *See* 20 C.F.R. § 404.1520c(a); *see also* 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016). Petitioner's applications for DIB and SSI were filed before the new regulations went into effect. [AR 848-63.]

mood was depressed. [AR 1110.] In addition, Plaintiff was able to repeat only 3 digits forward and 3 digits backward on the digit span subtest and she was unable to spell the word "music" forward and backward. [AR 1111.] It was improper for the ALJ to selectively rely on some entries in Dr. Bagner's report that were consistent with her conclusion while ignoring other entries that supported a different conclusion. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (finding that "the ALJ's specific reason for rejecting [a physician's] medical opinion [was] not supported by substantial evidence" because, in part, "the ALJ selectively relied on some entries in [the plaintiff's] records ... and ignored the many others that indicated continued, severe impairment"); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir.1984) (the ALJ must not "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result").

Second, the ALJ found that Plaintiff had not received regular and consistent mental health treatment with psychotropic medication and psychotherapy counseling. [AR 485.] This finding is inaccurate. Although Plaintiff may not have been seeing a specialist at the time of Dr. Bagner's examination, there is ample objective evidence that Plaintiff received mental health treatment, which included strong psychotropic medication. In September 2015, Plaintiff was diagnosed with anxiety and depression was prescribed Valium by her treating physician, Dr. Michael Gross. [AR 1051, 1053, 1057, 1060, 1063.] In July 2016, Dr. Gross assessed Plaintiff with major depressive disorder, single episode and began treating Plaintiff's symptoms with Xanax. [AR 1038, 1046, 1109, 1896, 1905.] In May 2017, Plaintiff started receiving mental health treatment at Behavioral Health, where she was diagnosed with recurrent major depressive episodes, moderate and generalized anxiety disorder and was prescribed Wellbutrin and Xanax. [AR 1896, 1899, 1929, 1933, 1936, 1940, 1947, 1954, 1963, 1968, 1972, 1977, 1987, 1995, 1997, 2000.] Later, Zoloft was added to Plaintiff's medication regimen. [AR 1909,

1912, 1976, 1980.] The ALJ erred in ignoring this significant evidence of mental health treatment. *See Holohan*, 246 F.3d at 1207; *Gallant*, 753 F.2d at 1456. In addition, Plaintiff's treatment notes reflect that she had received psychotherapy, but her therapist became unavailable and she missed psychotherapy for a few months before finding a new therapist. [AR 1905, 1912.] While the ALJ asserted it was "unclear" how often Plaintiff received psychotherapy, the ALJ failed in her duty to adequately develop the record in this regard. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). "In cases of mental impairments, this duty is especially important." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

Third, the ALJ asserted that Plaintiff's treatment records show that her "psychological symptoms improved with medication and that she feels better with treatment." [AR 485.] However, the Ninth Circuit has cautioned against relying too heavily on the "wax and wane" of symptoms in the course of mental health treatment. *See Garrison*, 759 F.3d at 1017. "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.*; *see also Holohan*, 246 F.3d at 1205 (explaining that a treating physician's "statements must be read in context of the overall diagnostic picture he draws"). Indeed, while the ALJ cited three records showing moderate to good improvement with medication [AR 1899, 1902, 1905, 485], subsequent records reflect increased levels of depression and anxiety [AR 1976-78, 1980, 1986-88, 1909, 1912, 1997].

Finally, the ALJ found that Dr. Bagner's assessment of Plaintiff's Global Assessment of Functioning ("GAF") score of 60 was of "limited evidentiary value,"

as it "reveal[s] only snapshots of impaired and improved behavior, state[s] nothing in terms of function-by-function capacity or limitations, and do[es] not provide a reliable longitudinal picture of [Plaintiff's] mental functioning."[4] [AR 485.] Again, however, the ALJ failed to adequately consider Dr. Bagner's examination report, which indicated significant mental impairments. [AR 1110-11.]

As such, the ALJ's consideration of Dr. Bagner's opinion and determination that Plaintiff does not have a severe mental impairment is not supported by substantial evidence.

## V. REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"). But "[w]here '(1) the record has been fully developed and further administrative proceedings would serve no useful

---

[4] The ALJ also noted that Plaintiff's treating physician assessed Plaintiff with a GAF score of 50. [AR 485, 1986.] A GAF score between 41 and 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, inability to keep a job). *See American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders* ("DSM-IV"), at 34 (4th ed. 2000). A GAF score between 51 and 60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or coworkers). *Id.*

8

purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand,'" it is appropriate to exercise this discretion to direct an immediate award of benefits. *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison*, 759 F.3d at 1020).

Here, remand is required because the ALJ failed to properly evaluate Dr. Bagner's opinion and there are outstanding issues that must be resolved before a final determination can be made. On remand, the ALJ should reconsider Dr. Bagner's opinion, explain the weight afforded to that opinion, and provide legally sufficient reasons for rejecting any portion of that opinion.

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").[5]

///

---

[5] As noted above, Plaintiff filed earlier applications for DIB and SSI in 2012, alleging disability since June 30, 2009, and those applications were denied by an ALJ on April 10, 2014. [AR 480-81, 656-64.] Although the ALJ did not discuss medical evidence relating to the previously adjudicated period of non-disability, June 30, 2009 to April 10, 2014, the ALJ addressed the issue of Plaintiff's disability during that period by concluding that Plaintiff was not disabled from June 30, 2009 through the date of the decision, March 18, 2019. [AR 480-91.] As this case is being remanded for further proceedings, the ALJ on remand should determine the relevant time period to be adjudicated and whether reopening of Plaintiff's prior disability determination would be appropriate under the regulations and applicable authorities. *See* 20 C.F.R. §§ 404.988, 416.1488; *see also Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001) (finding "it is appropriate for the Court to treat the ALJ's actions as a de facto reopening" when the ALJ is aware of the denial of a claimant's prior application for DIB or SSI benefits, accepts the alleged onset date during the previously-adjudicated period, and considers evidence of disability from the already-adjudicated period).

## VI.  CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED:  July 18, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE